IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02586-PAB-CBS

DAVID JAMES VIRGIL,
    Applicant,
v.

ARISTEDES ZAVARAS, Executive Director, Colorado Department of Corrections,
SAMANTHA NOVOTNI, Director, Phoenix Center (Adams County Community Corrections), and
JOHN SUTHERS, The Attorney General of the State of Colorado,
    Respondents.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on Mr. Virgil's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (filed December 12, 2007) (doc. # 1). Pursuant to the Order of Reference dated April 16, 2009 (doc. # 15), this civil action was referred to the Magistrate Judge to, *inter alia*, "[s]ubmit proposed findings of fact and recommendations . . ." The court has reviewed the Petition, Respondents' Answer (filed April 16, 2009) (doc. # 14), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Virgil is currently on parole under the supervision of the Colorado Department of Corrections ("CDOC").  (*See, e.g.*, doc. # 20; Colorado Department of Corrections website, www.doc.state.co.us).  On August 13, 2003, Mr. Virgil was charged by an

Information in Morgan County District Court Case No. 03CR00144 with one count of knowing or reckless child abuse resulting in serious bodily injury pursuant to Colo. Rev. Stat. § 18-6-401(1)(a), a class 3 felony pursuant to Colo. Rev. Stat. §18-6-401(7)(a)(III), and one count of second degree assault pursuant to Colo. Rev. Stat. § 18-3-203(1)(g), a class 4 felony pursuant to Colo. Rev. Stat. § 18-3-203(b).  (*See* State Court Record (doc. # 23) Vol 1 at pp. 17-18).  On May 19, 2004, a jury found Mr. Virgil guilty of knowing or reckless child abuse resulting in serious bodily injury and not guilty of second degree assault.  (*See* Jury Verdict and Judgment of Conviction, State Court Record (doc. # 23) Vol. 1 at pp. 129-30, 148).  On June 24, 2004, the court sentenced Mr. Virgil to a mandatory minimum term of imprisonment of 10 years pursuant to Colo. Rev. Stat. § 18-1.3-401(8)(d)(I) and a mandatory five year period of parole.  (*See* State Court Record (doc. # 23) Vol. 1 at p. 148;  Vol. 1a at p. 35; *see also People v. Virgil*, No. 04CA1589 (Colo. App. April 13, 2006) (Not Published Pursuant to C.A.R. 35(f)) (Exhibit C to Respondents' Answer (doc. # 14-4) at p. 9 of 13 (Rothenberg, J., specially concurring)).

On August 10, 2004, Mr. Virgil appealed the judgment of conviction, claiming that the trial court violated his "rights under the Due Process and Confrontation Clauses" by: (1) excluding evidence at trial that the victim pled guilty to violation of a municipal ordinance for an earlier assault committed on Mr. Virgil's son; (2) excluding evidence at trial that "would have rebutted the victim's testimony that he acted in self-defense" in the earlier assault; and (3) excluding evidence at trial that would have shown that Mr. Virgil and the victim "had a closer relationship than suggested by the prosecution, and which would have been circumstantial support for Defendant's claim that he approached the

alleged victim out of legitimate concern rather than out of a desire for revenge." (*See* Exhibit A to Respondents' Answer (doc. # 14-2) at pp. 3, 6, 14 of 24; *see also* State Court Record (doc. # 23) Vol. 1 at p. 159). On April 13, 2006, the Colorado Court of Appeals affirmed the conviction. (*See* Exhibit C to Respondents' Answer (doc. # 14-4)). The Colorado Court of Appeals found "no violation of defendant's rights of due process and confrontation," as "the excluded evidence would have had minimal value for purposes of impeaching the victim" and "pertained to a collateral issue." (*See* Exhibit C to Respondents' Answer (doc. # 14-4) at pp. 3-6 of 13). The Colorado Court of Appeals further determined that the proffered evidence of an alleged reprimand of the victim by the defendant was of limited probative value such that the trial court's ruling was not an abuse of discretion or constitutional error. (*See* Exhibit C to Respondents' Answer (doc. # 14-4) at pp. 6-7 of 13). Mr. Virgil's petition for a writ of certiorari was denied by the Colorado Supreme Court on August 14, 2006. (*See* Exhibits E and F to Respondents' Answer (docs. # 14-6 and # 14-7)). The Colorado Court of Appeals issued the mandate on August 17, 2006. (*See* Exhibit G to Respondents' Answer (doc. # 14-8)). On September 13, 2006, Mr. Virgil filed a "Motion for Extended Proportionality Review Pursuant to Crim. P. 35(c)," which the trial court denied on November 7, 2006. (*See* State Court Record (doc. # 23) Vol. 1a at pp. 14-16, 29-32).

    Mr. Virgil filed this Petition in federal court on December 12, 2007, alleging three claims that the trial court violated his rights to due process and confrontation by: (1) excluding evidence that the victim had pleaded guilty to a municipal ordinance violation; (2) excluding evidence related to whether the victim had acted in self defense in an earlier fight with Mr. Virgil's son; and (3) excluding evidence that the victim was treated

3

as a member of Mr. Virgil's family.  (*See* Petition (doc. # 1) at pp. 5-13 of 15).

The court's review of the record indicates that since the filing of the Petition on December 12, 2007, Mr. Virgil's copies of several mailings from the court have been returned in the mail as undeliverable.  (*See* doc. # 5 (letter to Mr. Virgil dated January 4, 2008 from the court returned marked "Return to Sender, Not Deliverable as  Addressed, Unable to Forward"), docs. # 6 and # 7 ("Order to Answer" dated January 4, 2008 returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward"), doc. # 9 (text entry dated October 22, 2008 reassigning judge returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward"), doc. # 18 ("Order to Answer" dated April 1, 2009 returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward"), doc. # 24 ("Order of Reference to United States Magistrate Judge" returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward"), doc. # 25 ("Order to Forward All Records and Transcripts" returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward"), doc. # 28 ("Order" returned marked "Not Deliverable as Addressed, Unable to Forward").

Noting that Mr. Virgil has failed to notify the court pursuant to D.C. COLO. LCivR 10.1 M. of the Local Rules of Practice of the United States District Court for the District of Colorado within ten days after any change of address or telephone number, on April 27, 2009, the court directed Respondents to provide the court with any information they may have regarding Mr. Virgil's current address.  (*See* doc. # 19).  On April 28, 2009, Respondents notified the court of an address for Mr. Virgil, as provided by his parole officer.  (*See* doc. # 20).  On May 4, 2009, Respondents certified that they had re-

mailed a copy of their Answer to Application for Writ of Habeas Corpus (doc. # 14) to Mr. Virgil, as directed by the court in an Order dated April 28, 2009. (*See* docs. # 21 and # 26). The Clerk of the Court also re-mailed copies of several filings to Mr. Virgil. (*See* docs. # 21 and # 22). Also on April 28, 2009, the court ordered Mr. Virgil to provide to the court in writing on or before May 12, 2009 his current address and telephone number in accordance with D.C. COLO. LCivR 10.1 M. of the Local Rules of Practice of the United States District Court for the District of Colorado. The court warned Mr. Virgil that failure to respond to the Order may result in a Recommendation that this civil action be dismissed without further notice and dismissal of this civil action without further notice. On May 6, 2009, Mr. Virgil confirmed his current address. (*See* doc. # 29).

II.     One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

III.    Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. 28 U.S.C.

§ 2254(b)(1).  Respondents do not argue that Mr. Virgil failed to exhaust his state remedies prior to filing the Petition.

IV.     Merits of the Claims

A.      Standard of Review

Mr. Virgil filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d), as amended by the AEDPA.  *See Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)"). Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).  The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640.  In determining whether the state court decision "involved an

unreasonable application of clearly established Federal law" under § 2254(d)(1),

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

The Supreme Court has interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003).  When applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Virgil] bears the burden of rebutting this presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)).


B.    Analysis

> The victim, a teenage boy, struck defendant's teenage son in the mouth. Soon thereafter, defendant's son showed defendant the injury to his lip. Defendant immediately drove to the skateboard park where the altercation had occurred and struck the victim in the face. As a result, the victim suffered a broken nose.

*People v. Virgil* (Exhibit C to Respondents' Answer (doc. # 14-4) at p. 3 of 13).  In his Claims One and Two, Mr. Virgil alleges that his constitutional right to confrontation was violated when the trial court sustained objections to questions about a prior fight between the 13-year old victim and Mr. Virgil's son that would purportedly have impeached the victim's testimony.  (*See* Petition (doc. # 1) at p. 7 of 15; State Court

7

Record (doc. # 23) Vol. 6 at pp. 35, 56-57).  Mr. Virgil also alleges that the trial court's limitation on cross-examination violated his due process right to present a defense. (*See* Petition (doc. # 1) at pp. 7, 10 of 15).

>The Colorado Court of Appeals described the issues:
>
>Here, the victim testified that, during the earlier altercation, he struck defendant's son in the mouth because defendant's son raised his skateboard in a threatening manner. During cross-examination, the victim admitted that he had been served with a summons charging him with a municipal ordinance violation for striking defendant's son. However, when defense counsel asked the victim to confirm that he had pleaded guilty to the municipal ordinance violation, the trial court sustained the prosecution's relevancy objection.
>
>A second prosecution witness who had seen defendant hit the victim began his testimony by briefly describing the earlier altercation in which the victim hit defendant's son. During cross-examination, defense counsel asked this witness whether defendant's son had made any "threatening moves" toward the victim before the victim hit him. The court sustained the prosecution's objection to this inquiry, reasoning that the relevancy of the prior altercation was limited to "the location and what injuries were sustained."

*People v. Virgil* (Exhibit C to Respondents' Answer (doc. # 14-4) at pp. 5-6 of 13).  The Colorado Court of Appeals noted that "[d]efense counsel did not make an offer of proof indicating what the witness's response to the question would have been."  *People v. Virgil* (Exhibit C to Respondents' Answer (doc. # 14-4) at p. 6 of 13) (citing *People v. Miller*, 829 P.2d 443 (Colo. App. 1991) (no error in the trial court's limitation of witness's testimony where defendant failed to make an offer of proof as to the substance of the excluded testimony)).  The Court of Appeals determined:

>Based on our review of the record, we conclude the excluded evidence would have had minimal value for purposes of impeaching the victim. Moreover, the evidence pertained to a collateral issue. Accordingly, we perceive no error in the trial court's rulings, and we find no violation of defendant's rights of due process and confrontation.

...

*Id.*

In his Claim Three, Mr. Virgil contends that his constitutional right to confrontation and due process right to present a defense were violated when the trial court sustained an objection to a question about the victim's relationship with Mr. Virgil's family. (*See* Petition (doc. # 1) at p. State Court Record (doc. # 23) Vol. 6 at p. 33). With regard to this claim, the Colorado Court of Appeals concluded:

> Defendant next argues that the trial court abused its discretion, and violated his constitutional rights of due process and confrontation, when it sustained the prosecution's objection to a question asking the victim whether, several months before the altercation occurred, defendant had verbally reprimanded him for misbehaving. We are not persuaded.
>
> According to defendant, the victim's response would have demonstrated that they had a close relationship and thereby increased the likelihood that the jury would have believed defendant's claim that he had approached the victim "out of a legitimate concern, rather than out of a desire for revenge."
>
> For purposes of analysis, we shall assume that evidence of defendant's state of mind immediately before he struck the victim was relevant to the issue of whether defendant acted in self-defense. The victim's acknowledgement of a prior reprimand would have been of limited probative value in proving whether defendant's physical contact was intentional or in self-defense. In addition, defendant's son and wife both testified that defendant had previously had a quasi-paternal relationship with the victim.
>
> We see no abuse of discretion or constitutional error in the trial court's ruling.

*People v. Virgil* (Exhibit C to Respondents' Answer (doc. # 14-4) at pp. 6-7 of 13).

Federal courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States"). A federal court may only issue a writ of habeas corpus on the basis of a state court evidentiary ruling when that ruling violated the defendant's right to due process by denying him a fundamentally fair trial. *See Romano v. Gibson*, 239 F.3d 1156, 1166 (10th Cir. 2001) (the Tenth Circuit has stated that "state evidentiary determinations ordinarily do not present federal constitutional issues. . . . However, the Supreme Court, in, *e.g., Chambers v. Mississippi* and *Green v. Georgia* (capital sentencing proceeding), has provided an exception, under some circumstances, if a state court applies the State's evidentiary rules unfairly to prevent a defendant from presenting evidence that is critical to his defense") (citations omitted). "[T]o establish a violation of . . . due process, a defendant must show a denial of fundamental fairness. . . . " *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir.1997) (citations and internal quotation marks omitted). *See also Fox v. Ward*, 200 F.3d 1286, 1301 (10th Cir. 2000) (habeas relief is not available on the basis of a state court evidentiary ruling unless petitioner "shows that the entire proceeding was rendered fundamentally unfair by the trial court's limit on cross-examination").

"The Confrontation Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment, . . . provides that 'in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.' " *Crespin v. State of New Mexico*, 144 F.3d 641, 646 (10th Cir. 1998) (quoting U.S. Const. amend. VI and citing *Pointer v. Texas*, 380 U.S. 400, 403 (1965)). The right to confront witnesses, while not absolute, is a fundamental prerequisite for due process of law and a fair trial. *Chambers v. Mississippi*, 410 U.S. 284, 294-95 (1973).

"[T]he main and essential purpose of confrontation is to secure for the opponent

the opportunity of cross examination." *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974) . The Confrontation Clause generally guarantees only "an opportunity for effective cross examination, not cross examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). *See also United States v. Allen*, 409 F.2d 611, 613 (10th Cir. 1969) ("[T]he test is the opportunity for full and complete cross-examination rather than the use which is made of that opportunity"). The trial judge retains wide latitude under the Confrontation Clause to impose reasonable limits on cross examination based on concerns such as harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or not relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). *See also United States v. Atwell*, 766 F.2d 416, 419-20 (10th Cir. 1985) ("As long as the defendant's basic confrontation right is protected, it is within the trial court's discretion to limit the scope of cross-examination") (citation omitted).

Mr. Virgil had ample opportunity to present evidence concerning the circumstances of the earlier fight between the victim and Mr. Virgil's son. The victim candidly testified that he struck Mr. Virgil's son in the earlier incident and that he was served with a summons for a municipal violation. (*See* State Court Record (doc. # 23) Vol. 6 at pp. 5-8, 34). Mr. Virgil presented evidence regarding whether the victim had been injured in the earlier fight with his son, whether Mr. Virgil assaulted the 13-year old victim in the heat of passion, and whether the victim lunged toward him and "ran his face into my arm." (*See, e.g.,* State Court Record (doc. # 23) Vol. 6 at pp. 48-57; 61, 63-66, 78-84, 86, 108-128, 157-59, 162-66; Vol. 7 at p. 20). The trial court correctly limited further testimony about whether the victim had acted in self-defense in the earlier

incident as such testimony was collateral to the charges against Mr. Virgil.  (*See* State Court Record (doc. # 23) Vol. 6 at pp. 35, 57).  Mr. Virgil does not demonstrate how additional cross-examination about the previous fight between the two boys would have shown that he was acting in self defense in the later assault on the 13-year old victim.  Additional cross-examination concerning the earlier fight between the victim and Mr. Virgil's son would have offered no further value for impeachment and concerned only a collateral issue.

The trial court also permitted ample cross-examination of the victim about his former relationship with Mr. Virgil's family.  (*See* State Court Record (doc. # 23) Vol. 6 at pp. 31-33).  Mr. Virgil's past relationship with the victim was described in testimony from Mr. Virgil, Mrs. Virgil, their son, and the victim.  (*See id.*; *see also* State Court Record (doc. # 23) Vol. 6 at pp. 149-52; 154, 165; Vol. 7 at p. 16).  The victim's memory of a past reprimand by Mr. Virgil would not have demonstrated that Mr. Virgil was acting in self defense in the later assault on the victim.  In sustaining an objection to further questioning, the trial court "exercised its wide latitude of discretion" to sustain an objection to a question which was of little or no probative value and needlessly cumulative.  *See Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001) (internal quotation marks omitted).  *See also Van Arsdall*, 475 U.S. at 679, 106 S.Ct. 1431 (Confrontation Clause does not prohibit exclusion of interrogation that is "only marginally relevant.")

The record demonstrates that the jury heard extensive evidence on the issues of self-defense, impeachment of the victim, and the relationship between Mr. Virgil and the victim.  Substantial evidence of Mr. Virgil's guilt appears in the record form several

eyewitnesses, including a police officer. In light of the entire record and the weight of all the evidence, the challenged limitations on cross-examination did not render the trial as a whole fundamentally unfair. *See Mitchell v. Gibson*, 262 F.3d 1036, 1053 (10th Cir. 2001) (error would not rise to the level of a constitutional violation unless it rendered the trial, as a whole, fundamentally unfair). Nor did the limitations on cross-examination deny Mr. Virgil the right to confrontation. The jury had sufficient information before it to make a "discriminating appraisal" of the relevant issue, that is, Mr. Virgil's innocence or guilt. *See Miranda v. Cooper*, 967 F.2d 392, 402-03 (10th Cir. 1992) ("Effective cross-examination only requires that the trial judge not limit the scope of cross-examination so that it prevents the jury from having sufficient information to make a 'discriminating appraisal' of the relevant issue.") (citation omitted). As the Colorado courts' rulings and decisions were not contrary to federal constitutional law or unreasonable in light of the evidence, Mr. Virgil is not entitled to habeas relief on his claims.

Accordingly,

IT IS RECOMMENDED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (filed December 12, 2007) (doc. # 1) be denied and this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of

Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 13th day of May, 2009.

BY THE COURT:


 s/ Craig B. Shaffer
United States Magistrate Judge